# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EDMUND HEARTSTEDT, | ) |
| | ) Case No. 17-cv-144 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| ALLY FINANCIAL INC., | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

Now comes the Plaintiff, EDMUND HEARTSTEDT, by and through his attorneys, and for his Complaint against the Defendant, ALLY FINANCIAL INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and/or 1337.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

5. On information and belief, Defendant is corporation of the State of Delaware, which is licensed to do business in Ohio, and which has its principal place of business at 500 Woodward Avenue, Detroit, Michigan 48226.

6. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## FACTS COMMON TO ALL COUNTS

8. During or about the year 2014, Plaintiff began receiving telephone calls on his cellular telephone from Defendant, sometimes two to three calls per day.

9. When Plaintiff would answer these telephone calls, a recording would ask him to hold to be connected to a live agent. There would be a pause before Plaintiff would be connected to a live person to speak with.

10. Several times throughout this time period, Plaintiff specifically asked Defendant's employees, agents and/or representatives with whom he spoke that Defendant cease placing these telephone calls to him.

11. On at least one occasion, Plaintiff told Defendant's employee, agent and/or representative with whom he spoke that he was revoking consent for Defendant to place these telephone calls to him, due to the constant harassing nature of the calls.

12. Despite Plaintiff's clear indication that he did not consent to receive these telephone calls from Defendant on his mobile/cellular telephone, Defendant continued placing many such telephone calls to Plaintiff.

13. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c. Wasting Plaintiff's time;

    d.      Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

    e.      Depletion of Plaintiff's cellular telephone battery;

    f.      The cost of electricity to recharge Plaintiff's cellular telephone battery;

    g.      Stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I

14. Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 13 above as if reiterated herein.

15. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

16. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

17. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

18. Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

19. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

20. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

21. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

22. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

23. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 and 15 through 20 above as if reiterated herein.

4

24. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c.    Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

EDMUND HEARTSTEDT

By: /s/ David B. Levin
      Attorney for Plaintiff


David B. Levin
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com